07 CIV 8191

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

-------------------------------------------------------x
Plasmart, Inc.,

    Plaintiff,

v.                                                          CIVIL COMPLAINT

John F. Sauerland, d/b/a Vertex Educational        -CV-
Whse and IQKids,

    Defendant.
-------------------------------------------------------x



SEP 19 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## The Parties

1.    Plaintiff is a Canadian Corporation with a principal place of business at 107- 42 Antares Dr, Ottawa, Ontario, Canada, K2E 7Y4.

2.    Defendant is an individual with a place of business, upon information and belief, at 7888 Marathon Drive, Suite F Livermore, CA 94550.

3.    Upon information and belief, Defendant does business under the assumed names "Vertex Educational Whse" and "IQKids"

## Nature of the Action

4.    This action is brought in part under Lanham Act § 32, 15 U.S.C. § 1114.

5.    This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

6.    This action is brought in part under common law for trademark infringement.

## Jurisdiction and Venue

7.    Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

8. Jurisdiction for the common law trademark infringement cause of action is proper under 28 U.S.C. § 1367.

9. Jurisdiction if further proper under N.Y.C.P.L.R. § 302(a).

10. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

**Facts**

11. Plaintiff manufactures via contract manufacturer and sells at wholesale a children's ride-on toy branded as the "PlasmaCar." Pursuant to contracts between retailers and Plaintiff, retailers throughout the United States purchase at wholesale the PlasmaCar ride-on toy from Plaintiff for retail sale.

12. Plaintiff is owner of the registered trademark "PlasmaCar," registration no. 3,082,294 for ride-on toys in class 28.

13. Plaintiff is the owner via exclusive license of the following graphical trademark (the "Graphical Mark"), with all rights of enforcement and with all good will in the Graphical Mark enuring to Plaintiff's benefit.



The Graphical Mark

14. The Graphical Mark is inherently distinctive.

15. The PlasmaCar ride-on toy has a distinctive appearance which has acquired distinctiveness through aggressive marketing, advertising, media coverage, word of mouth and sales.

16. Defendant has advertised and sold ride-on toys under the names "PlasmaCar" and "Skitter" that bear a confusingly similar resemblance to the distinctive appearance of Plaintiff's PlasmaCar ride-on toy. Upon information and belief, actual consumer confusion between the products has occurred as a result.

17. Plaintiff's Graphical Logo is prominently stamped and displayed on Defendant's ride-on toys.

18. Defendant has advertised in the Southern District of New York and have sold infringing products there.

## First Count
## Trademark Infringement of "PlasmaCar" Mark

19. Plaintiff hereby incorporates the allegations of paragraph 1 through 18 as if stated fully herein.

20. Defendant has infringed Plaintiff's registered trademark in violation of Lanham Act § 32, 15 U.S.C. § 1114.

21. Defendant's infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

22. Plaintiff has been and continues to be irreparably harmed by Defendant's past and continuing violation of Lanham Act § 32, 15 U.S.C. § 1114.

## Second Count
## Trademark Infringement of the Graphical Mark

23. Plaintiff hereby incorporates the allegations of paragraph 1 through 18 as if stated fully herein.

24. Defendant has infringed Plaintiff's Graphical Mark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

25. Defendant's infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

26. Plaintiff has been and continues to be irreparably harmed by Defendant's past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## Third Count
## Trademark Counterfeiting

27. Plaintiff hereby incorporates the allegations of paragraph 1 through 18 as if stated fully herein.

28. Defendant's use of Plaintiff's registered trademark constitutes use of a counterfeit mark as defined by Lanham act § 34, 15 U.S.C. § 1116.

29. Defendant's use of the counterfeit mark has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless

restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

30. Plaintiff has been and continues to be irreparably harmed by Defendant's use of the counterfeit mark.

## Fourth Count
## Trade Dress Infringement

31. Plaintiff hereby incorporates the allegations of paragraph 1 through 18 as if stated fully herein.

32. Defendant by its actions has infringed Plaintiff's protected trade dress under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

33. Defendant's trade dress infringement has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

34. Plaintiff has been and continues to be irreparably harmed by Defendant's past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## Fifth Count
## Common Law Trademark Infringement

35. Plaintiff hereby incorporates the allegations of paragraph 1 through 18 as if stated fully herein.

36. Defendant has infringed and continues to infringe Plaintiff's PlasmaCar mark and Graphical Mark under the common law of the State of New York.

37. Plaintiff has been and continues to be irreparably harmed by Defendant's past and ongoing infringement.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

a. Awarding actual damages to Plaintiff in an amount to be determined;

b. Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

c. Ordering an accounting of Defendant's profits and awarding the amount of such profits to Plaintiff;

d. Awarding Plaintiff its costs and attorneys' fees;

e. Permanently enjoining Defendant from offering for sale or selling any ride-on toy which infringes Plaintiff's "PlasmaCar" mark, Graphical Mark or trade dress;

f. Permanently enjoining Defendant from offering for sale or selling any ride-on toy which infringes Plaintiff's registered trademark; and

g.      Providing all other equitable relief that the Court deems just and proper.

        Respectfully submitted,
        Plasmart, Inc.,
        by its attorney,

        _____
        Jeffrey Sonnabend (JS1243)
        SonnabendLaw
        600 Prospect Avenue
        Brooklyn, NY 11215-6012
        718-832-8810
        JSonnabend@SonnabendLaw.com

        Dated: September 14, 2007