UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
Plasmart, Inc.,                      :

       Plaintiff,                    :   INDEX No. 07 Civ. 8191
                                            Judge Crotty

vs.                                  :

John F. Sauerland, d/b/a Vertex Educational    :
Toys and IQ Kids,

       Defendant.                    :
------------------------------------ X

    Defendant John F. Sauerland ("Defendant") answers the Plaintiff's Complaint as follows:

## ANSWER

    1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

    2. Admits the allegations of paragraph 2.

    3. Denies the allegations of paragraph 3.

    4. Answering paragraphs 4, 5, and 6, admits that the Complaint purports to allege claims for relief under the statutory provisions listed in paragraphs 4 and 5 and under the common law for trademark infringement as asserted in paragraph 6.

    5. Answering paragraphs 7 and 8, admits that the Court has subject matter jurisdiction.

    6. Answering paragraphs 9 and 10, admits that jurisdiction and venue are proper.

    7. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11, except admits, upon information and belief, that Plaintiff sells a children's ride-on toy branded as the "PlasmaCar."

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12, except admits, upon information and belief, that the registration alleged appears in the public record as issued to Plasmart, Inc.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

10. Answering paragraph 14, avers that the allegation asserts a legal conclusion as to which no answer is required and to the extent an answer is required denies the allegations.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

12. Answering the first sentence of paragraph 16 of the Complaint, Defendant denies the allegations. Answering the second paragraph of paragraph 16, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Answering paragraph 17 of the Complaint, Defendant denies the allegations, except admits that the ride-on toys referenced in the complaint have borne a logo similar or identical to the Graphical Logo.

14. Denies the allegations of Paragraph 18.

15. In response to paragraph 19, incorporates by reference its responses to paragraphs 1 through 18.

16. Denies the allegations of paragraph 20.

17. Denies the allegations of paragraph 21.

18. Denies the allegations of paragraph 22.

19. In response to paragraph 23, incorporates by reference its responses to paragraphs 1 through 18.

20. Denies the allegations of paragraph 24.

21. Denies the allegations of paragraph 25.

22. Denies the allegations of paragraph 26.

23. In response to paragraph 27, incorporates by reference its responses to paragraphs 1 through 18.

24. Denies the allegations of paragraph 28.

25. Denies the allegations of paragraphs 29.

26. Defines the allegations of paragraph 30.

27. In response to paragraph 31, incorporates by reference its responses to paragraphs 1 through 18.

28. Denies the allegations of paragraph 32.

29. Denies the allegations of paragraph 33.

30. Denies the allegations of paragraph 34.

31. In response to paragraph 35, incorporates by reference its responses to paragraphs 1 through 18.

32. Denies the allegations of paragraph 36.

33. Denies the allegations of paragraph 37.

Answering the Prayer of Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrines of laches, acquiescence and estoppel.

3. Plaintiffs' claims are barred by the doctrine of fair use.

4. Plaintiff's claims are barred by the doctrine of functionality.

5. Plaintiff's claims are barred by the first sale doctrine.

Dated: October 24, 2007

COOLEY GODWARD KRONISH LLP

By: /s/ William O'Brien
William O'Brien (WO-5271)

1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000 (phone)
(212) 479-6275 (fax)

*Attorney for John F. Sauerland*

## CERTIFICATE OF SERVICE

I certify that on October 24, 2007, Defendant's Answer was electronically filed with the Clerk of the United States District Courthouse, Southern District of New York, 40 Centre Street, New York, New York 10007 and that copies of the foregoing were served by electronic and regular United States mail, postage prepaid, this 24th day of October, 2007, upon each of the parties listed below:

Jeffrey Sonnabend
SonnabendLaw
600 Prospect Avenue
Brooklyn, New York  11215-6012
JSonnabend@Sonnabendlaw.com

Counsel for Plaintiff
Plasmart, Inc.

Dated: New York, New York
       October 24, 2007

_____
William O'Brien (WO-5271)